IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


TRACY J. SHELTON,                          )

                        Plaintiff          )

            v.                             )            No.  2:04-cv-096

JO ANNE B. BARNHART,                       )
Commissioner of
Social Security,                           )

                        Defendant          )


## MEMORANDUM OPINION


         This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of

defendant Commissioner's final decision denying plaintiff's claim for disability

insurance and Supplemental Security Income benefits under Titles II and XVI of the

Social Security Act.  For the reasons that follow, and pursuant to sentence six, this

case will be remanded for the limited purpose of securing additional testimony of a

vocational expert.


         The claimant is a 36-year-old "younger individual" with a high school

education.  However, it is undisputed that she has borderline intelligence which

interferes, at least to some degree, with her ability to perform various work-related tasks.  She alleges a disability onset date of May 3, 2001, due to a herniated disc, leg pain, depression and anxiety.

In deciding plaintiff's claim, the administrative law judge (ALJ) reached the fifth step of the five-step evaluation process upon concluding that the claimant was unable to perform any of her past relevant work and therefore addressing the question of whether there are a significant number of jobs in the national economy which the plaintiff could perform.  At that stage of the evaluation process, the burden was on the defendant Commissioner to show the existence of such work.  *See Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 CFR § 404.1520).

In rendering his decision, the ALJ found that the plaintiff was capable of performing some range of light work (R464), but that that ability was impeded by additional exertional and/or non-exertional limitations.  Those exertional and non-exertional limitations were found to be as follows:

. . .

> 7.    The claimant retains the residual functional capacity to perform work consistent with borderline intellect, work consistent with the ability to perform simple repetitive work with seriously limited but not precluded

ability to handle stress, work not requiring repetitive
bending, stooping, or squatting;   vigorous pushing or
pulling, walking/working over rough terrain, working in
rough vehicles, excessive ladder or stair climbing, working
with her hands raised above shoulder level, work permitting
her to control her posture with respect to sitting or standing,
work consistent with lifting up to 20 pounds occasionally
and up to 7 pounds frequently, assuming a level lift.

R466.  The ALJ further found that there were a total of 9,125 jobs existing in the

regional economy based upon vocational expert testimony.  Upon a careful review

of the testimony of the vocational expert, it is clear that that number is not supported

by substantial evidence in the record.   It is further clear that there was

misunderstanding or confusion on the part of the ALJ with respect to the hypothetical

questions expounded by the ALJ and the plaintiff's attorney.  Specifically, the ALJ

posed a question to the vocational expert which set out plaintiff's exertional and non-

exertional limitations as identified in paragraph 7 above.  R766-767.  That paragraph

clearly included a "sit/stand" option.  The vocational expert testified that, with the

"physical restrictions and the lifting restrictions" there would be a regional maximum

of 9,125 jobs ( R768).  Subsequently, on cross examination by plaintiff's attorney,

the vocational expert indicated that he did not understand the hypothetical posed by

the ALJ to include jobs with a "sit/stand" option.  He then testified that, if the sit/stand

option were added, that would reduce the numbers by 80%.  There is no clear

mention of what the remaining 20% of jobs would include.   However, it is

indisputable but that comparing plaintiff's non-exertional and exertional impairments

as identified in paragraph 7 of the ALJ's findings with the testimony of the ALJ, there are clearly less than 9,125 jobs, if any, which the plaintiff can perform. Based on the testimony of the vocational expert, it appears that the "maximum" number would be 1,823. Given the severity of the plaintiff's impairments and lowness of this number, the court cannot find that this finding made by the ALJ is harmless error. In addition, the court again notes that the burden of proof is on the Secretary to prove the existence of jobs which plaintiff is capable of working, given the combination of her exertional and non-exertional limitations.

At the same time, however, plaintiff's application for benefits on this record cannot be granted because "the current record does not 'adequately establish' her entitlement to benefits." *Faucher v. Secretary of Health & Human Services*, 17 F.3d 171, 176 (6th Cir. 1994). Under the circumstances, the better course is to remand this matter to the agency for the limited purpose of taking and considering expert testimony regarding the existence in the national and regional economy of work which plaintiff can perform given her limitations as set out in paragraph 7 (R466) of the ALJ's findings. The vocational expert should at least be asked to estimate the precise number of such jobs and identify the occupations.

Plaintiff's motion for judgment on the pleadings [Court File #9] will be denied; defendant Commissioner's motion for summary judgment [Court File #13]

will be denied;  and this action will be remanded to the defendant Secretary for further findings consistent with this memorandum opinion.

Order accordingly.

_____s/ James H. Jarvis_____
UNITED STATES DISTRICT JUDGE