UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | |
|---|---|
| TRACEY J. SHELTON ) | |
| ) | |
| v. ) | No. 2:04-CV-096 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |

## **REPORT AND RECOMMENDATION**

Senior United States District Judge James H. Jarvis ordered that this matter be remanded to the agency "for the limited purpose of taking and considering expert testimony regarding the existence in the national and regional economy of work which plaintiff can perform given her limitations as set out in paragraph 7 of the ALJ's findings."[1]

The plaintiff has now filed a motion for an award of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). (Doc. 23). The Commissioner resists an award of attorney's fees.[2] This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

Plaintiff's claim for Social Security disability benefits was denied at all stages of the administrative process. Inasmuch as the district judge remanded the matter to the Commissioner for the purpose of securing additional evidence, plaintiff clearly is the

---

[1]Memorandum Opinion, Doc. 15.

[2]Doc. 25.

"prevailing party" under 28 U.S.C. § 2412(b)(2)(A). However, the Commissioner vigorously argues that the decision of the Administrative Law Judge was "substantially justified" and therefore an award of attorney's fees under the EAJA would not be appropriate.

The ALJ denied plaintiff's claim for disability benefits on the basis that the Vocational Expert testified that there were 9125 jobs in the regional economy which the plaintiff could perform with her limitations. However, as Judge Jarvis pointed out in his Memorandum Opinion, the ALJ clearly misunderstood the testimony of the Vocational Expert: rather than 9125 jobs in the regional economy which the plaintiff could perform with her limitations, the expert testified that there was only 20% of that number, which would be approximately 1825 jobs. Thus, the ALJ's decision was based on an erroneous premise.

Judge Jarvis' Memorandum Opinion indicates that he was unable to ascertain from the record if there were *any* jobs in the regional economy which plaintiff could perform, and for that reason he remanded the matter for further proof, denying the motion for summary disposition of each party. The Commissioner argues that the Vocational Expert's testimony, coupled with simple mathematical calculation, reveals that there are 1825 jobs which plaintiff could perform, and that a smaller number of jobs has been held to be a "significant number" that justifies a denial of benefits, citing *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988). The problem with the Commissioner's argument is that the ALJ's "position" was that there were 9125 jobs, which was flatly wrong. He did not base his decision on the existence of 1825 jobs which the plaintiff could perform, and some amount of speculation would be required to conclude that he would have so found. Thus, a remand for additional proof was required.

Even if the additional proof again results in a denial of benefits, at least it will be on an accurate basis.

It is therefore respectfully recommended that the plaintiff's application under the EAJA for an award of attorney's fees in the amount of $2,087.50 be approved, and similarly that her application for reimbursement for costs and expenses in the amount of $163.26 likewise be approved.[3]

Respectfully submitted,

                                        s/ Dennis H. Inman  
                                      United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).